The act of June 16, 1886, expressly requires the holding of an inquest.

# Robert Jones *against* Charles Conoway and Priscilla his wife, Thomas Gaddes and Thomas Bowell, executors of Jonathan Rees.

What counts may be joined in the same declaration.
Statutes of limitations, only take place from the time when the right of action accrues; and if there be fraud, from the time of its discovery. Rule of estimating damages where a negro has been sold as a slave, and afterwards proves to be a freeman.

THERE were three counts in the declaration.

The first was in nature of a deceit, in the testator affirming negro Will to be a slave for life, and selling him to the plaintiff for 100l. Virginia currency, equal to $333.33⅓ as such, whereas in truth he was a freeman, and afterwards duly liberated. The second count was for 500 dollars, had and received to the plaintiff's use; and the third for the like sum paid, laid out and expended at the instance of the testator.

It appeared in evidence, that the negro was brought into this state in the spring of 1781, by one Simpson, and sold by him to Rees. About 1786, Rees sold him, then aged about 25 years,

[Jones *v.* Rees' Executors.]

to the plaintiff Jones, for 100l. Virginia currency, and received the consideration money.

The negro brought a writ of *homine replegiando* against the plaintiff, returnable to December term 1799, and the defendants, after the death of Rees, were duly notified thereof, and were required to take upon them the defence. In March term 1801, the suit was tried, and a verdict found for the plaintiff, with 254 dollars damages. But the declaration having only laid the damages at 100 dollars, a *remittitur* was entered of 154 dollars, and judgment taken for the residue. The costs amounting to $18.59, which with the damages, were paid by the then defendant, and now plaintiff, Jones.

*110]    *To the present action, the defendants pleaded the general issue of *non assumpsit,* and *non assumpsit infra sex annos.*

Mr. J. Ross, for the defendants, contended, that here was a misjoiner. Deceit and *assumpsit* cannot be joined together in the same action. 2 Show. 250. It is only in the case of an express warranty, that *assumpsit* is the proper form of action, according to the case of Stuart *v.* Wilkins. Doug. 18. Here there is no evidence of an express warranty. It is inferred from the circumstance of a sound and full price having been paid for the negro. No circumstances of fraud exist in the present instance, which can distinguish it from Bree *v.* Holbeck. Doug. 632, (657.)

Mr. P. Campbell, for the plaintiff, answered, that the different counts might be well joined, there being the same plea and judgment in each; and so it was in the case of Stuart v. Wilkins, which has been cited.

It would have been absurd for the plaintiff to have instituted his suit, until the question of the negro's freedom was determined; and the statute of limitations only runs from the time of the injury received. Notice was given to the defendants of the institution of the *homine replegiando,* and they were called on to defend the property sold by their testator. This case is very readily to be distinguished from Bree *v.* Holbeck, where the administrator with the will annexed, found a mortgage among the papers of his testator, and parted with it *bona fide,* as a marketable commodity. For here Rees either knew, or was bound to know, that the negro was no slave. The issue to be tried by the jury, is, whether he did not affirm him to be a slave, and sell him as such to the plaintiff. Lord MANSFIELD says, there may be many cases where the assertion of a false fact, though unknown to be false to the party making the assertion, may be fraudulent; as in the case of Sir Crisp Gascoyne, who insured a life, and affirmed it to be as good a life as any in England, not knowing whether it was so or nor. And there may be cases too, which fraud will take out of the statute of limitations. Doug. 632, (656–7.) In Cripps *v.* Reade, 6 Term Rep. 606, Lord

KENYON said he did not wish to disturb the rule of *caveat emptor*, adopted in Bree *v.* Holbeck, and in other cases where a regular conveyance was made, to which other covenants were not to be added.

BY THE COURT.   There does not appear to be any error in the joinder of the different counts in this declaration.   The true distinction does not rest on the sameness of the process, plea and judgment ; but on this consideration, whether the action is founded on tort or contract ; if the former, it may be joined with *any tort, and if the latter, with any contract.   2 Bl. Rep. 849.   2 Wils. 319.   *Sed vid.* 1 Term Rep. 276. [*111

Nor does the statute of limitations seem to apply to this case. The bar only takes place from the time when the right accrues, and not from the time of making the promise.   3 Burr. 1281. The jury are trying a question either of active or constructive fraud.   Wherever there is a fraud, the statute of limitations is no plea, unless the fraud be discovered within the time ;   3 Wms. 143, nor even if the fraud be discovered within six years, unless the defendant were conscious of it.   Doug. 655.   1 H. Black. 635.

While the slavery of the negro was uncontested, the plaintiff had no ground to suppose he had been injured or deceived ; but when he obtained his liberty in a due course of law, his right of action accrued against the defendants.

The true rule in assessing the damages seems to be, by fairly estimating the yearly services of the negro during the time he was held by the plaintiff, and deducting thereout his clothing, maintenance, and other necessary expenditures.   As far as this balance exceeds the yearly interest of the consideration money, it should go towards the payment of the principal sum.   For the residue, together with the 100 dollars damages, and 18 dollars and 59 cents costs and a reasonable sum for defending the action of replevin, and interest on the different sums, the plaintiff appears entitled to a verdict, as the fair measure of his damages.

Verdict *pro quer.* for $425 damages.

Cited in 2 Grant 275; 48 Pa. 525, in support of the decision that when an attorney in fact, collects money for his principal and neglects to pay it over, the statute of limitations commences to run as soon as the right of action accrues.

Cited in 10 W. N. C. 364 to show that the statute of limitations runs, not from the fraudulent entry of satisfaction on a judgment, but from the discovery of the fraud.